UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Jason Antonio Clark, Sr. | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | CASE NO: |
| VS. | * | |
| | * | SECTION " " |
| CENAC Marine Services, LLC, | * | |
| | * | |
| | * | |
| ABC Insurance Services | | |
| (in personam) | * | |
| and the M/V Genie Senac | * | ACTION BY SEAMAN |
| her engines, tackle, | * | |
| etc. (in rem) | * | |
| | * | JURY TRIAL DEMANDED |
| Defendants | * | |

* * * * * * * * * * *

## PETITION FOR DAMAGES

NOW COMES Jason Antonio Clark, Sr., the above named plaintiff, into Court, appearing through his undersigned counsel, and as multiple causes of action against the above named Defendants, alleges and shows the Court that:

I.

The following parties are made defendants herein:

a) CENAC Marine Services, LLC, a Louisiana Corporation, organized and existing under and by virtue of the State of Louisiana with offices at P.O. Box 2617, Houma LA 70361 was and still is the owner or owner pro hac vice of the M/V Genie Senac, and the employer of the plaintiff.

b) M/V Genie Senac, an 80' Push Boat, 2000 hp, which is registered under the laws of the State of Louisiana in the Parish of Jefferson. The M/V Genie Senac now is, or will be during

the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

c) ABC Insurance Services, (a fictitiously named party whose actual identity will be substituted herein following further discovery) is a foreign insurer, authorized to do and doing business in the State of Louisiana, and which has designed the Secretary of State of the State of Louisiana as its agent for service of process.

II.

FIRST AND SECOND CAUSES OF ACTION
(Jones Act Negligence and Unseaworthiness)

This is a case of admiralty and maritime jurisdiction brought under Section 33 of the Merchant Marine Act, more commonly known as the Jones Act, for general maritime negligence of the employer, for unseaworthiness under the General Maritime Law and for wages, maintenance and cure and for punitive damages for failure to timely provide maintenance and cure.

III.

The Plaintiff, Jason Antonio Clark, Sr. is a person of full age and domiciled in Parish of Jefferson, State of Louisiana, and was at all pertinent times hereto a seaman and member of the crew of the M/V Genie Senac in the position of SEAMAN/TANKERMAN and is entitled to bring this action without prepayment of costs under the provisions of 28 USC Section 1916.

IV.

At all pertinent times hereto, On June 30, 2016 plaintiff was a seaman and a member of the crew of the said M/V Genie Senac, having been employed by Cenac since June 5, 2015, and

acting within the course and scope of his employment as said vessel was operating on navigable water in the State of Texas.

V.

At all pertinent times herein, the M/V Genie Senac and CENAC Marine Services, LLC, and were covered under a policy of Protection and Indemnity Insurance issued and in full force and effect by ABC Insurance Services.

VI.

On or about June 29, 2016 at about noon as the vessel was operating in the vicinity of Port Arthur, Texas and during the course of the vessel having discharged NAPTHA (a gasoline additive) with a configuration of two 30,000 barrel barges side by side, Plaintiff was attempting to pull a 6" cross over hose across the barges after it had been disconnected. He took it upon himself to pull the hose unassisted because the deckhand, Stephen Graythen, happened to be nowhere to be found, so he went ahead and did it without assistance, as a result of which he apparently strained his back. Plaintiff's job was tankerman, to discharge and load product on the barges, and although he usually has assistance to move the hose (the weight of the hose is a few hundred pounds), he was unavailable at this time and the operation to disconnect off the hoses and to block off valves with blind flanges was almost over. Although did not immediately feel pain and want to bed at 6 PM, he woke up to work at midnight feeling a very sore back, which he reported to Captain Whitney Trosclair. He worked until 6 AM when he went back to bed and woke up at noon and "could not move". Having already worked his two weeks on, he was hoping to stay an extra three weeks, but due to the regular crew change that particular day, he left the vessel and returned with his captain to the CENAC office in Houma, LA where they

change crews.

VII.

Even on the way home, Mr. Clark had great difficulty getting out of Mr. Trosclair's truck to go into a grocery to get something to drink, all of which movements were observed by Whitney Trosclair who would have no reason to doubt Mr. Clark's being injured.

VIII.

The claim was promptly reported on the customary accident report forms, which were signed by Mr. Trosclair and the deckhand and plaintiff was sent to the company doctor in Houma.

IX.

Houma Family Practice issued a NFFD slip and released Jason Antonio Clark, Sr. for light duty, restricting his activities but Drew Soudelier, the CENAC personnel manager, said no light duty was available such as to drive people around for crew change, and that he should go home. He was paid 8 days while he was home, but then when he was supposed to return to work, and decided to make the attempt even though he wasn't fully recovered, but Drew said he was going to do an 'ROF' (Reduction of Force) layoff and Mr. Clark has not worked since then.

X.

Jason Antonio Clark, Sr. continues in great pain, has been offered further evaluation and medical treatment at West Jefferson Medical Center, but has not been offered any further maintenance or cure in the form of therapy and has had to seek his own doctors who have issued a preliminary Not Fit for Duty Status. Although CENAC claims they did Plaintiff " a favor" by caracterizing the discharge as a Reduction of Force" this was a wrongful discharge because of his

injury, upon being wrongfully discharged, was deprived of his six month bonus that had accrued to $3,500 (10% of what he had worked during the preceding 6 months).

XI.

The plaintiff is now being followed at home with intravenous antiobiotics for what seems at present to be some sort of residual infection made symptomatic by the torn tissues sustained in the strained back injury, with a residual and permanent injury that may totally preclude Plaintiff from returning to his former employment as a tankerman which he has performed since 2012.

XII.

The defendant employer, CENAC Marine Services has filed a petition for declaratory judgment on the docket of this court, Docket # 16-cv15029 alleging that Mr. Clark willfully concealed his medical condition when he first went to work a year previously in June, 2015 - which he denies. The fact of the matter is that he did declare that he did have a previous hernia repair and but had not really thought about a earlier shoulder injury from an automobile accident, and in any event, he had not been having any problems with his back, and had been working on the Mississippi River for several years for other employers since that accident without any back problems. That employer, Stone Oil Company, had even taken an MRI before he was hired on which was part of their physical. Mr. Clark categorically denies that he "willfully concealed" medical information nor was that information "material" to Cenac's decision to hire Mr. Clark for the position of Tankerman.

XIII.

To date, Jason Antonio Clark, Sr. is left with serious and debilitating injuries to his mind and body, and has sustained a complete loss of employment opportunities and future economic

possibilities for which he claims damage herein.

XIV.

All of the foregoing and the damages resulting were caused solely by the joint and/or fault and negligence of the M/V Genie Senac and those in charge of the said vessel's maintenance, operation, and navigation, and the breach of the warranty of SEAWORTHINESS arising out of the employment relationship. The acts and omissions complained of by Plaintiff include the following, among other, which will be more particularly pointed out at the time of trial;

1) The M/V Genie Senac was not manned by sufficient nor competent personnel;

2) The vessel including its appurtenances and the vessel being docked to, were unseaworthy in having an inattentive crewman who was not available to assist plaintiff with the hose;

3) The vessel failed to have a safe means of pulling the cross over hoses around the deck;

4) The captain should have assigned another deckhand or called out additional personnel to the docked barge so that plaintiff need not have make the connection by himself.

XV.

As a direct result of this incident, plaintiff is left with a severe residual disability/condition to his back, causing past and future mental and physical pain and suffering, lost wages, loss of future earning capacity, and related expenses, all to his damage in the full sum of $1,000,000.

XVI.

Plaintiff was not at fault in causing this injury or his resultant damages.

XVII.

Plaintiff is entitled to trial by jury.

## THIRD CAUSE OF ACTION
(Maintenance and Cure)

Complainant herein, Jason Antonio Clark, Sr. brings this Third Cause of action based on the General Maritime Law and the Jones Act and reiterates all of the allegations contained in Paragraphs I through X of his First and Second Causes of Action and further alleges:

### XVIII.

Under the general maritime law, it became the further legal obligation, separate and apart and in addition to the legal obligations mentioned hereinabove under the Jones Act and the General Maritime Law for seaworthiness of the M/V Genie Senac, upon the plaintiff becoming injured and disabled in the services of said vessel, to provide him with maintenance in the form of daily subsistence and cure in the form of medical care and attention.

### XIX.

Immediately following the accident, and despite the plaintiff's counsel placing the defendant/employer on notice and requesting a dialogue about reinstating the employee on Maintenance and Cure, the employer continued to refuse Mr. Clark his Maintenance and Cure.

### XX.

However, on or about September 9, 2016 the employer arbitrarily refused maintenance despite having earlier acknowledged that the employee was terminated for lack of work, with a new excuse that the employee "tested positive for drugs" and refused to tender any amount for maintenance.

### XXI.

By reason of the foregoing, Plaintiff seeks an award herein for such maintenance and

cure as may accrue unto him up to the time of trial at the rate of $50.00 per day all without prejudice to plaintiff's rights to recover such additional maintenance and cure as he may become entitled to receive subsequent to the time of the trial of this action.

## FOURTH CAUSE OF ACTION
(Punitive Damages for Failure to Pay Maintenance and Cure)

The plaintiff herein brings this Fourth Cause of Action based on the General Maritime Law and the Jones Act and reiterates all of the allegations contained in Paragraphs I through XV of his First, Second, and Third Causes of Action, and alleges that:

### XXII.

Plaintiff is entitled to Maintenance at the rate of $50.00 per day and Cure in the form of payment of all medical expenses from the date of the accident.

### XXIII.

This failure to pay maintenance and provide cure is malicious, motivated solely as a captious settlement tactic, and is an impermissible abuse of the employer's position, and duties as a Jones Act employer. Furthermore, the adjuster, despite amicable demand from the undersigned, has failed to promptly provide claimant with a copy of all of the medical records and any recorded statements of the complainant as required by law.

### XXIV.

By virtue of the failure of the Defendants to pay or provide the Plaintiff proper, adequate, and/or sufficient maintenance and cure, the Complainant suffered and continues to suffer hardship, humiliation, deprivation, damages and/or losses for which he is entitled to receive and recover for his said damages, together with penalties and/or punitive or exemplary damages.

### XXV.

The Plaintiff had to engage legal counsel to collect the maintenance and cure and losses for failure to pay same due and owing to him, for which he is entitled to reasonable attorney's fees.

XXVI.

By reason of the premises, plaintiff has sustained personal injuries, post traumatic stress disorder, and the damages as hereinabove mentioned. Further the above listed acts and omissions constituted violations of statutes, rules, and regulations designed to prevent slip and falls, which violations proximately caused the fall made the basis of this suit and the damages sought by plaintiff on this Cause of Action, for which the plaintiff demands damages in the full and true sum of NINE HUNDRED FIFTY THOUSAND AND NO/100 ($950,000.00) DOLLARS.

WHEREFORE, plaintiff, prays that defendants be served with a copy of this Complaint, that defendants be cited to appear and answer within the delays allowed by law, and that after due proceedings there be judgment in favor of plaintiff, Jason Antonio Clark, Sr.:

(a) For judgment against the Defendant,CENAC Marine Services, LLC, and/or the M/V Genie Senac, and its/their insurer,., for the full and true sum of NINE HUNDRED FIFTY THOUSAND AND NO/100 ($950,000.00) DOLLARS, on his First and Second Causes of Action sounding under the Jones Act and/or unseaworthiness;

(b) For Judgment against the Defendants, CENAC Marine Services, LLC, and or the M/V Genie Senac, and its/their insurer,., for the full and true sum of TWENTY FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS, on his Third Cause of Action for Maintenance and for all past and future cure and medical expenses

(c) For Judgment against the Defendant, CENAC Marine Services, LLC,; and/or the M/V Genie Senac, and its/their insurer, for the full and true sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, on his Fourth Cause of Action for damages and penalties/exemplary damages for failure to pay Maintenance and Cure, and for Attorney's fees in the amount of $25,000 for the collection of said amounts;

(d) For interest from date of injury until paid on all of the above stated amounts;

(e) For all general, equitable, legal, and maritime relief.

(f) For trial by jury of all of the issues.

RESPECTFULLY SUBMITTED

_____
DAVID BAND, Bar #2718
Attorney for Complainant, Jason Clark
422 South Broad St.
New Orleans, LA 70119
(504) 822-2263, Fax (504) 822-2272
Email: AttyBand@gmail.com

PLEASE PREPARE A SUMMONS AND
COMPLAINT ADDRESSED TO THE
FOLLOWING DEFENDANTS:

Andre C. Broussard, Jr.
General Counsel
Cenac Marine Services, LLC
P.O. Box 2617
Houma, LA 70361
Office: (985) 872-2413
Cell: (985) 804-8520